IGLESIA DE DIOS PRIMITIVA, INC., demandante y recurrida, *v.* FAUSTINO DELGADO TABALES, ET AL., demandados y recurrentes.

Número: R-80-85     Resuelto: 21 de mayo de 1980

*José Davison Lampón, Jorge Meléndez Vela* y *Diana A. de Arbona,* abogados de los recurrentes; la parte recurrida no compareció.

RESOLUCIÓN

San Juan, Puerto Rico, a 21 de mayo de 1980

A la solicitud de revisión, no ha lugar.

Lo acordó el Tribunal y certifica el Señor Secretario. El Juez Presidente Señor Trías Monge emitió voto disidente, al cual se unen los Jueces Asociados Señores Rigau y Dávila.

(Fdo.) Ernesto L. Chiesa
*Secretario*

—O—

Voto disidente del Juez Presidente, Señor Trías Monge, sobre denegatoria de solicitud de revisión, a la cual se unen los Jueces Asociados, Señores Rigau y Dávila.

San Juan, Puerto Rico, a 21 de mayo de 1980

Disiento respetuosamente de la denegación del auto de revisión solicitado. Las cuestiones que este caso plantea son de carácter novel en Puerto Rico. El Tribunal debe expresarse sobre ellas.

La demandante recurrida, la Iglesia de Dios Primitiva, Inc., es una corporación doméstica de fines no pecuniarios organizada en 1947 con el propósito de predicar el evangelio. Posee templos en varios lugares del país. El señor Natalio Reyes ha sido su presidente desde el comienzo.

Para 1971, por razón del traslado de un pastor, los demandados recurrentes y otros seguidores comenzaron a predicar el evangelio por cuenta propia. En enero de 1972 organizaron otra iglesia. Poco más tarde las partes intentaron reconciliarse. Acordaron que determinados miembros de ambos grupos compondrían el gobierno legal de la misión. Se incumplió el acuerdo; el motivo está en disputa. La recurrida demandó para recobrar los bienes muebles o inmuebles en manos de los recurrentes. Los recurrentes impugnan la sentencia en que se ordena la devolución. Sostienen que los pretendidos funcionarios de la recurrida infringieron la constitución y el reglamento de la Iglesia de Dios Primitiva, Inc., ya que sus actuaciones no fueron refrendadas por los organismos eclesiásticos correspondientes, y que la corte de instancia violó la Sec. 3 del Art. II de la Constitución del Estado Libre Asociado al adjudicar los bienes.

El caso plantea diversas interrogantes. El examen de la constitución de la iglesia revela que su organización no es de índole jerárquica o episcopal, como ocurre con la Iglesia Católica, Apostólica y Romana, por ejemplo, sino de naturaleza capitular o congregacional, o sea, su órgano máximo de gobierno, cuando éste está definido, usualmente es la conferencia, capítulo o congregación de la totalidad de sus miembros. Desde *Watson* v. *Jones*, 80 U.S. 679 (1871), hasta nuestros días—véase *Serbian Eastern Orthodox Diocese* v. *Milivojevich*, 426 U.S. 696 (1976)—esta distinción se ha considerado de importancia para resolver diferentes asuntos concernientes a la relación entre la Iglesia y el Estado. La primera cuestión que suscita la actual controversia es establecer si tal distinción rige en Puerto Rico y, de regir, cuáles son sus efectos.

En segundo término, este pleito envuelve el problema de determinar hasta qué punto es lícita la intervención del Estado en disputas entre grupos religiosos sobre la adjudicación de bienes en circunstancias como las presentes. Véanse *Bouldin* v. *Alexander*, 82 U.S. 131 (1872), y *Kedroff* v. *Saint Nicholas Cathedral*, 344 U.S. 94 (1952).

En tercer lugar, debemos pautar nuestro derecho respecto al grado, si alguno, en que los tribunales pueden inquirir sobre si las autoridades eclesiásticas han incumplido las reglas de su propia orden. Véase Comment, *Serbian Eastern Orthodox Diocese v. Milivojevich: the Continuing Crusade for Separation of Church and State*, 18 Wm. & Mary L. Rev. 655 (1977). La determinaciones de hechos del tribunal de instancia sobre este vital aspecto son de naturaleza general y los recurrentes las refutan parcialmente con documentos. La expedición del auto tiene la ventaja adicional de permitir aclarar el expediente. Aun de aceptarse que no ocurrió violación alguna a la constitución y el reglamento de la iglesia es importante exponer las razones que motivaron en tal caso la resolución del Tribunal.

Debemos señalar, por último que en *Agostini Pascual* v. *Iglesia Católica*, 109 D.P.R. 172 (1979), expresamente reservamos la posición del Tribunal sobre *Watson, Kedroff* y *Bouldin*. Debemos exponerla ahora.

Por todo lo anterior expediría el auto.